IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00757-GPG-NRN

DUTCH HERITAGE GARDENS INC., a Colorado corporation,

    Plaintiff,

v.

THE KROGER CO., an Ohio corporation,

    Defendant.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

    This matter is before the Court on Plaintiff Dutch Heritage Gardens, Inc.'s Notice of Non-Compliance of Anthony Ray with Order to Show Cause Dated October 17, 2025 ("Notice of Non-Compliance"). ECF No. 77.

    I.    **BACKGROUND**

    On October 15, 2025, Plaintiff moved the Court for issuance of an Order to Show Cause why non-party Anthony Ray should not be held in contempt for failing to appear for his properly noticed deposition on July 17, 2025. *See* ECF No. 64. The Court granted the motion on October 17, 2025, and issued an Order to Show Cause, ECF No. 66, requiring Mr. Ray to show cause in writing why he should not be held in contempt within ten days of receipt of the Order. Mr. Ray was informed that the Order to Show would be discharged upon Mr. Ray agreeing and sitting for a newly scheduled

deposition, but Mr. Ray was warned that if he failed to do so, he would be held in contempt. *Id.*

On October 28, 2025, Plaintiff filed a Return of Service, ECF No. 67, demonstrating that Mr. Ray was served personally with the Order to Show Cause on October 23, 2025, at 4130 12th St SE, Salem, Oregon. He was also served the next day via Angelina Ray, a resident of the home where Mr. Ray resides in Salem, Oregon.

Plaintiff has now filed the subject Notice of Non-Compliance, noting that Mr. Ray failed to timely respond to the Order to Show Cause and requesting "that Mr. Anthony Ray be held in Contempt for failing to respond to the Order to Show Cause and for such other relief as this Court deems just and equitable." ECF No. 77. In other words, the Notice of Non-Compliance is in effect a motion to hold the non-compliant witness in contempt.

II. **RELEVANT LAW**

Courts have broad discretion to exercise their contempt powers to ensure compliance with court orders and to compensate for injuries resulting from noncompliance. *See Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1231 (10th Cir. 2001) (noting that the imposed sanction served "to protect the truth-seeking procedures of discovery, and the [non-complying party] himself eschewed all opportunities to avoid the sanction"); *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1318 (10th Cir. 1998). A movant must prove by clear and convincing evidence that (1) a valid court order existed, (2) the nonmovant had knowledge of the order, and (3) the nonmovant disobeyed the order. *Id.*, 159 F.3d at 1315. If the movant meets its burden, then the burden shifts to the nonmovant to show either that he complied with the court order or

2

that he was unable to do so. *U.S. v. Ford*, 514 F.3d 1047, 1051 (10th Cir. 2008). Clear and convincing evidence is evidence that "places in the ultimate factfinder an abiding conviction that the truth of its factual contentions are [sic] highly probable." *U.S. v. Valenzuela-Puentes*, 479 F.3d 1220, 1228 (10th Cir. 2007) (internal quotation marks omitted) (quoting *Colo. v. N.M.*, 467 U.S. 310, 316 (1984)). A nonmovant "may be absolved from a finding of civil contempt" if his "actions appear[ ] to be based upon a good faith and reasonable interpretation of the order[.]" *Spectra Sonics Aviation, Inc. v. Ogden City*, No. 89-4142, 1991 WL 59369, at *2 (10th Cir. Apr. 19, 1991).

> Where an "act constitutes a civil contempt," 28 U.S.C. § 636(e)(6)(B)(iii) directs the magistrate judge to "forthwith certify facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under [§ 636(e)(6)], an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." "A certification of facts 'serve[s] the function of a . . . pleading for trial to be held before the district judge.'" *Daniel & Max LLC v. B&B Holding Co., LLC*, No. 19-173, 2022 WL 19191, at *2 (D.N.M. Jan. 3, 2022) (quoting *Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 903 (3d Cir. 1992)). The certification is "a showing that, after investigation, sufficient evidence exists to establish a prima facie case of contempt." *Id*.

*Coomer v. Make Your Life Epic LLC*, No. 21-cv-03440-WJM-KAS, 2024 WL 3340090, at *2 (D. Colo. June 14, 2024), *report and recommendation adopted as modified*, 2024 WL 4042952 (D. Colo. Sept. 4, 2024), *aff'd,* 140 F.4th 1269 (10th Cir. 2025).

## III. CERTIFIED FACTS

Accordingly, the Court certifies the following facts, derived from the court docket.

1. On May 31, 2025, non-party Anthony Ray signed a Waiver and Acceptance of Service of a Subpoena to Testify at a Deposition in a Civil Action. ECF No. 64-1. The deposition was noticed for June 11, 2025, and was to take place via Zoom. *Id.*

2. At Mr. Ray's request, the deposition was moved to July 17, 2025. ECF No. 64.

3. Mr. Ray failed to appear for July 17, 2025 deposition, and stopped responding to phone calls or emails from Plaintiff. *Id.*

4. The Court issued the Order to Show Cause described above on October 17, 2025. ECF No. 66. Mr. Ray was ordered to show cause in writing why he should not be held in contempt of court within ten days of receipt of the Order. *Id.*

5. As directed by the Court, Plaintiff served the Order to Show Cause on Mr. Ray. ECF No. 67. On October 23, 2025, Mr. Ray was served with the Order to Show Cause through personal service in Salem, Oregon. On October 24, 2025, Mr. Ray was served a copy of the Motion for Order to Show Cause with Exhibit A, the Subpoena to Appear and Signed Waiver, by serving Angelina Ray, a resident of the home where Mr. Ray resides in Salem, Oregon. *Id.*

6. Mr. Ray failed to respond to the Order to Show Cause and has not otherwise taken steps to sit for his deposition. ECF No. 77.

## IV. ORDER

In light of the foregoing, it is hereby **ORDERED** that a Civil Contempt Hearing is **SET** before District Judge Gordon P. Gallagher on **Monday, December 22, 2025 at 10:00 a.m.** in the Wayne Aspinall Federal Building, 400 Rood Avenue, Grand Junction, CO 81501. Anthony Ray shall appear **in person** and show cause why he should not be adjudged in contempt by reason of the facts certified above. Counsel for Plaintiff and Defendant are given leave to appear remotely.

It is further **ORDERED** that the Clerk of Court shall mail a copy of this Order to Anthony Ray at the following address: 4130 12th St SE, Salem, Oregon 97302.

4

It is further **ORDERED** that the United States Marshal Service shall personally serve Anthony Ray with a copy of this Order at the above address.

Dated this 24th day of November 2025.

BY THE COURT:

*N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge

5